**UNITED STATES DISTRICT COURT**
**District of New Jersey**

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**

**LETTER OPINION**

October 3, 2006

**Bogale Getahun**
**8901 Parliament Drive**
**Springfield, Virginia 22151**

**Re:   No. 06-265**
**      Motion to Correct Certificate of Naturalization**

Dear Parties:

     Currently before the Court is Plaintiff, Bogale Getahun's, motion to correct a certificate of naturalization filed on August 14, 2006. In this motion, Plaintiff indicates that his date of birth on his certificate of naturalization, namely, October 21, 1955, is incorrect. He asserts that his correct date of birth is October 21, 1942. In support of Plaintiff's motion, he submitted a copy of his certificate of naturalization dated May 18, 1994. The Certificate indicates that Plaintiff was naturalized by the District Court of New Jersey in Newark, New Jersey, on May 5, 1988. The Court has reviewed Plaintiff's submissions and for the following reasons, denies Plaintiff's motion.

     Title 8, section 338.5 of the Code of Federal Regulations authorizes the United States Citizen and Immigration Services to correct an individual's Certificate of Naturalization. See 8 C.F.R. § 338.5 (2006). Generally, such corrections are only proper where (1) the certificate "does not conform to the facts shown on the application for naturalization"; or (2) a clerical error was made in preparing the Certificate. See 8 C.F.R. § 338.5(a).

     Corrections to certificates of naturalization are not justified where "the naturalized person later alleges that the name or date of birth which the applicant stated to be his or her correct name or date of birth at the time of naturalization was not in fact his or her name or date of birth at the time of the naturalization." See 8 C.F.R. § 338.5(e). Thus, the regulation is "resistant to changing birth dates for any reason other than clerical error on the part of U.S. officials." Varghai v. INS, Dist. Director, 932 F. Supp. 1245, 1246 (D. Or. 1996) (citing 8 C.F.R. § 338.5(e)).

Courts considering applications to amend or correct information on certificates of naturalization have been guided by the principles set forth in 8 C.F.R. § 338.5 and thus, are resistant to allowing such corrections. See, e.g., Duc Minh Ha v. United States Citizenship and Immigration Services, No. 05-0059, 2006 WL 1997360, at *4-6 (D. Minn. July 14, 2006) (discussing section 338.5 in denying petition to change birth date on certificate of naturalization); Liu v. Immigration & Naturalization Service, No. 98-139, 1998 WL 809037, at *1 (N.D.N.Y. Nov. 17, 1998) (same).

However, some courts have held that they have the authority to grant such an application in the absence of a clerical error. See Duc Minh Ha, 2006 WL 1997360, at *5 ("While the United States Citizenship and Immigration Services' regulations may not permit it to administratively amend the birth date on a Certificate of Naturalization in the absence of a clerical error . . . this Court has the power to order such an amendment." (citations omitted)); Liu, 1998 WL 809037, at *1 ("Petitioner does not allege clerical error.  The Courts have consistently refused such applications absent unequivocal evidence as to the applicant's true date of birth).

In this context, courts have granted applications to correct the date of birth on a certificate of naturalization where the plaintiff provides unequivocal evidence as to his true date of birth or where there is no evidence of fraud and no prejudice results to the government. See Kouanchao v. U.S. Citizenship and Immigration Services, 358 F. Supp. 2d 837, 838-39 (D. Minn. 2005) (granting correction to birth date in certificate of naturalization where petitioner presented evidence of his correct birth date and where there was no opportunity for fraud because birth date had already been changed by Social Security Administration and state motor vehicles division); Varghai, 932 F. Supp. at 1246-47 (authorizing a change in birth date on certificate of naturalization where petitioner presented a "wealth of evidence" that 1934, and not 1939, was his correct birth date); see also Liu, 1998 WL 809037, at *1 ("Petitioner does not allege clerical error.  The courts have consistently refused such applications absent unequivocal evidence as to the applicant's true date of birth.").[1]

Plaintiff bears the burden of establishing that the birth date on his certificate of naturalization is incorrect.  See, e.g., Duc Minh Ha, 2006 WL 1997360, at *1; Liu, 1998 WL 809037, at *1.   Further, Plaintiff is required to serve the instant motion upon the appropriate district director of the United States Citizenship and Immigration Services.  See Liu, 1998 WL 809037, at *1 (holding that application to change birth date on certificate of naturalization was procedurally deficient where petitioner failed to serve a copy of the application upon respondent, the appropriate district director); In Re Rose, No. 94-0165, 1994 WL 502501, at *1 (E.D. Pa. Sept. 15, 1994) (denying plaintiff's motion to change birth date on her certificate of naturalization where plaintiff did not serve the Immigration and Naturalization Service).

---

[1] The Court need not consider whether the Court has the power to, or should, grant Plaintiff's motion on these grounds because, as discussed in this letter opinion and order, Plaintiff has not presented *any* evidence or other information to support his request.

Plaintiff's motion to correct the birth date on his certificate of naturalization is denied for two reasons. First, it does not appear that Petitioner served the instant motion upon the appropriate district director of the United States Citizenship and Immigration Services. The Certificate of Service Plaintiff submitted with his motion is blank and unsigned. Plaintiff has not filed a return of service. Further, the Court has received no response from the government. Thus, the Court finds that Plaintiff's application is procedurally defective. He must afford the government an opportunity to respond.

Second, Plaintiff has put forth no facts to support his claim that his birth date should be changed. He does not allege that the correction is necessary due to a clerical error or that his certificate of naturalization does not otherwise conform to his petition for naturalization (which is not attached to the motion). He further does not allege any other facts to warrant the correction of his birth date on the certificate from October 21, 1955, to thirteen years prior, October 21, 1942. Instead, all Plaintiff claims is that his birth date is a "mistake." This is insufficient to warrant the relief Plaintiff requests.

Accordingly, Plaintiff's motion to correct his certificate of naturalization is denied without prejudice. Plaintiff has until November 3, 2006 to submit a new application to correct the birth date on his certificate of naturalization which conforms to the substantive and procedural requirements set forth above. Plaintiff's failure to submit such new application by November 3, 2006 will result in the dismissal of this action with prejudice.

/s/ Jose L. Linares
UNITED STATES DISTRICT JUDGE