UNITED STATES DISTRICT COURT
District of New Jersey

CHAMBERS OF
JOSE L. LINARES
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**

<u>LETTER OPINION</u>

November 15, 2006

**Bogale Getahun**
**8901 Parliament Drive**
**Springfield, Virginia 22151**

Re:   No. 06-265
      **Motion to Correct Certificate of Naturalization**

Dear Parties:

On August 14, 2006, Plaintiff, Bogale Getahun, filed a motion to correct a certificate of naturalization. In this motion, Plaintiff claimed that his date of birth on his certificate of naturalization (the "Certificate" or "Certificate of Naturalization"), namely, October 21, 1955, was incorrect. He asserted that his correct date of birth is October 21, 1942. In support of Plaintiff's motion, he submitted a copy of his certificate of naturalization dated May 18, 1994. The Certificate indicates that Plaintiff was naturalized by the District Court of New Jersey in Newark, New Jersey, on May 5, 1988.

The Court reviewed Plaintiff's submissions and on October 3, 2006, denied Plaintiff's motion. In denying the motion, the Court found that Plaintiff failed to serve the motion upon the appropriate district director of the United States Citizenship and Immigration Services and that Plaintiff provided no evidence to warrant the correction of his date of birth. In particular, the Court found that Plaintiff's claim that the birth date on his Certificate was a "mistake" was insufficient to warrant the relief that Plaintiff sought.

Given Plaintiff's pro se status and in the interests of justice, the Court permitted Plaintiff to submit a new application to correct the birth date on his Certificate which cured the substantive and procedural deficiencies outlined in the Court's opinion.

On or about October 20, 2006, the Court received a new application from Plaintiff with the following supplemental submissions:

  (1)   Copy of a Birth Certificate issued by an unknown country (presumably Ethiopia)

indicating that Plaintiff's date of birth is October 21, 1942;

(2)   Copy of a Baptismal Certificate issued by the Ethiopian Orthodox Tewahido Church indicating that Plaintiff's date of birth is October 21, 1942;

(3)   Copy of a Birth Certificate from the Municipality of Woldia indicating that Plaintiff's date of birth is February 21, 1942; and

(4)   Copy of a Second Baptismal Certificate issued by the Ethiopian Orthodox Tewahido Church indicating that Plaintiff's birth date is October 21, 1942.

The Court has reviewed Plaintiff's submissions and finds that Plaintiff is not entitled to a correction of his birth date on his Certificate of Naturalization. The Court will not rehash the relevant legal standards but refers the parties to its October 3, 2006 letter opinion for such legal discussion.

First, despite the Court's instructions, Plaintiff apparently has again failed to serve the appropriate government respondent with the instant papers.

Second, Plaintiff has not shown that his birth date of October 21, 1955 on his Certificate is the result of a clerical error or that his Certificate does not otherwise conform to the facts he presented on his application for naturalization. To the extent that this was such an error, the Court strains to understand why it took Plaintiff over a decade to bring the instant motion for relief in 2006 when his birth date was allegedly incorrect on the Certificate since 1994.

Lastly, the documents Plaintiff submits do not amount to unequivocal evidence that his birth date is October 21, 1942. These documents are all copies and the Court cannot tell if they are official and authentic. Further, these documents provide conflicting information as to Plaintiff's birth date. Although three documents indicate that Plaintiff's date of birth is October 21, 1942, the fourth document, the Birth Certificate from the Municipality of Woldia, states that Plaintiff's birth date is February 21, 1942. Further, a review of the first Baptismal Certificate from the Ethiopian Orthodox Tewahido Church indicates that whoever wrote the document originally wrote that Plaintiff's date of birth was *"October 21, 1962"* and that someone wrote a "4" over the "6" to make the document read *"October 21, 1942."*

Accordingly, the Court will not correct Plaintiff's certificate of naturalization. Plaintiff's renewed motion is denied. This matter is dismissed with prejudice. An appropriate order accompanies this letter opinion.

/s/ Jose L. Linares
UNITED STATES DISTRICT JUDGE

2